**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN**

| | |
|---|---|
| Anita Washington, individually and on behalf of all others similarly situated, | 1:21-cv-09157 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Uber Technologies, Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Uber Technologies, Inc. ("defendant") operates a third-party food delivery service under the Uber Eats brand.

2. Defendant issues significant promotional offers to gain customers, or market share, based on the reasonable belief that once a customer begins to use its platform, this "stickiness" will cause them to remain a user when the promotions eventually end.



3. In issuing promotions, Defendant calculates sales tax based on the price of the food items *prior* to applying the promotional discount, which overcharges its customers.

4. Consider the food costing $30.23, supplemented by a $20 promotion.

| | |
|---|---|
| **Food** | 30.23 |
| **Sales Tax (8%)**[1] | 2.42 |

5. Defendant arrives at $2.42 in sales tax, based on the food's price of $30.23.

6. This overcharges customers by disregarding the effect of the $20 promotion.

7. When a purchase price is reduced through application of a coupon, of which Defendant's promotion is a type, it affects the way sales tax is computed.

8. A coupon is an instrument entitling the holder to a reduced purchase price based on the amount of the coupon.

9. There are two main types of coupons – manufacturers' coupons and store-issued coupons.

10. While both reduce the amount the purchaser pays, they affect the amount subject to sales tax differently.

11. A manufacturer's coupon (or manufacturer's promotion) is issued by the manufacturer.

12. When a customer uses a manufacturer's coupon, the purchaser pays sales tax on the full price of the item, not on the discounted price.

13. Since the seller is reimbursed from the manufacturer for the amount of the coupon, the selling price is not reduced, even though the purchaser pays a reduced amount.

14. The amount of this coupon is part of the selling price of the item and is subject to tax

---

[1] Eight percent is not the sales tax percent charged in NYC, but this is only an example, as the issue is present within NYC also.

if the item purchased is taxable.

15. A store-issued coupon, in contrast, is issued by the store to the purchaser, and is offered as an incentive to customers to shop at the store.

16. This discount is not reduced by a third-party, i.e., a manufacturer.

17. Since the seller is not reimbursed for the amount of the coupon, the seller receives a reduced amount.

18. Since the seller receives a lower amount, sales tax is calculated on this lower price.

19. Defendant's promotions are the equivalent of store-issued coupons, because it is incentivizing purchasers to use its delivery service, instead of rivals.

20. Since the promotions issued by Defendant are not the equivalent of manufacturers' coupons, the amount on which sales tax is calculated is less than $30.23.

21. Consider again the same figures, which include, as required, delivery and service fees in the total taxable amount.

| | |
|---|---:|
| **Food** | 30.23 |
| **Service Fee** | 4.57 |
| **Delivery Fee** | 0.99 |
| **Promotion** | -20.00 |
| **Taxable Amount** | 15.79 |

22. When sales tax is calculated on the taxable amount, purchasers should only pay $1.26 in sales tax.

| | |
|---|---:|
| **Taxable Amount** | 15.79 |
| **Sales Tax (8%)** | 1.26 |

23. In this example, the purchaser pays $1.16 more, or almost twice as much.

24. Reasonable users of Uber Eats would not expect they would be paying higher than required, unlawful, and erroneous amounts of sales tax.

25. Defendant benefits from these small charges, given the high volume of its business.

26. Had Plaintiff and proposed class members known the truth, they would not have paid Uber Eats excess sales tax, and would have kept that money for themselves.

## Jurisdiction and Venue

27. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

28. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

29. The small amounts charged to each individual customer, when multiplied by the thousands of orders placed with promotions each day, are upwards of $10,000.

30. Based on this practice continuing for several years, the amount in controversy exceeds $5 million.

31. Plaintiff Anita Washington is a citizen of New York.

32. Defendant Uber Technologies, Inc., is a Delaware corporation with a principal place of business in San Francisco, San Francisco County, California.

33. Plaintiff and defendant are citizens of different states.

34. Defendant transacts business within this district, through the marketing, advertising, and contracting with various restaurants and independent delivery personnel, to transport food from restaurants to the addresses of customers.

35. Venue is in this district because plaintiff resides in this district and the actions giving rise to the claims occurred within this district.

36. Venue is in the Manhattan Courthouse in this District because a substantial part of the events or omissions giving rise to the claim occurred in Bronx County, i.e., Plaintiff's use of

Uber Eats and her overpayment of sales tax.

## Parties

37. Plaintiff Anita Washington is a citizen of Bronx, Bronx County, New York.

38. Plaintiff has used the Uber Eats app to order food and has done so increasingly during the COVID-19 pandemic.

39. Plaintiff has used promotions issued by Uber Eats, which have made her more likely to continue to use Uber Eats instead of competitors.

40. Plaintiff has been overcharged sales tax in the manner described herein.

41. Defendant Uber Technologies, Inc., is a Delaware corporation with a principal place of business in San Francisco, California, San Francisco County.

42. Defendant is known for its eponymous ride hailing service, Uber.

43. Defendant began Uber Eats six years ago, and its annual revenue is close to $5 billion.

44. Uber Eats allows customers to search local restaurants and have food delivered.

45. Uber Eats works with thousands of restaurants in New York City alone to deliver food.

46. Uber Eats is in a fiercely competitive market and backed by billions in venture capital investment, allowing it to spend heavily to bring customers to its service.

47. Uber Eats' market share compared to competitor food delivery providers is above 25%, with over sixty-six million customers nationwide, with these figures increasing rapidly due to its promotions.

48. Consumers are likely to use Uber Eats, based on brand recognition and trust of Uber.

49. This level of trust is critical when it comes to having strangers bring food to your

home.

50. Unfortunately, this trust allows Defendant to overcharge customers, who would not even know how to discover or dispute this practice.

51. Plaintiff used Uber Eats because it was convenient and offered her promotions, and she expected that she was paying the correct amount of sales tax as part of her transactions.

52. Plaintiff intends to, seeks to, and will use Uber Eats as much as she previously did, should it cease overcharging customers for sales tax.

53. Plaintiff is now reluctant to use any similar services, because she does not want to be taken advantage of.

## Class Allegations

54. Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(2) and (b)(3) of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged.

55. Common questions of law or fact predominate and include whether defendant's overcharging of sales tax was permitted, and if plaintiff and class members are entitled to damages.

56. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive overcharges.

57. Plaintiff is an adequate representative because her interests do not conflict with other members.

58. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

59. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

60. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

61. Plaintiff seeks class-wide injunctive relief because the practices continue.

### New York General Business Law ("GBL") §§ 349 & 350
### (Consumer Protection Statute)

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Plaintiff and class members used Uber Eats and expected they would pay the sales tax amount they were required to, instead of a higher amount.

64. Defendant's false and deceptive representations and omissions of inflated sales tax amounts caused Plaintiff and class members to pay more than they were required to.

65. Plaintiff and class members relied on Defendant to accurately and lawfully calculate the sales tax they were required to pay.

66. Plaintiff and class members were injured by the payment of the difference between what they were overcharged and what they were required by law to pay.

### Breach of Contract

67. Plaintiff incorporates by reference all preceding paragraphs.

68. Plaintiff and class members entered into a contract with Defendant when they made their purchases with added promotions.

69. This contract required Plaintiff and class members to pay a set amount of sales tax, according to requirements of New York City, New York State, and any other jurisdiction within this State.

70. The contract prohibited Defendant from making Plaintiff and class members pay more than that amount.

71. Plaintiff performed under the contract when she paid money to Uber Eats for her food and the accompanying delivery and service fees, and what she thought was an accurate amount of sales tax.

72. Defendant breached the contract by charging Plaintiff more sales tax than she was required to pay.

73. Plaintiff's damages are the difference between the sales tax she paid Defendant and the sales tax she was required to pay.

## Conversion

74. Plaintiff incorporates by reference all preceding paragraphs.

75. Defendant took possession and control of the difference in sales tax it charged Plaintiff and the amount Plaintiff was required to pay.

## 20 N.Y.C.R.R. § 534.8
### Refunds or credits based on erroneous, illegal, or unconstitutional payment or collection of tax.

76. Plaintiff incorporates by reference all preceding paragraphs.

77. 20 N.Y.C.R.R. § 534.8 provides a mechanism for customers to receive refunds or credits based on erroneous, illegal, or unconstitutional payment or collection of tax.

78. This rule allows authorizes Defendant to repay such tax to Plaintiff, and in turn claim a refund or credit of such tax from the Department of Taxation and Finance, provided the tax has been paid to the Department of Taxation and Finance. 20 N.Y.C.R.R. § 534.8(a)(2).

79. Plaintiff and class members demand that Defendant invoke 20 N.Y.C.R.R. § 534.8 and refund or credit the sales tax they paid above what they were required to.

## Unjust Enrichment

80. Defendant obtained benefits and monies by overcharging sales tax, to the detriment

and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant to refund and/or credit Plaintiff and class members, and to correct the challenged practices to comply with the law;
3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;
4. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;
5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and
6. Other and further relief as the Court deems just and proper.

Dated:   November 5, 2021

                                                  Respectfully submitted,

                                                  Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

James Chung
Law Office of James Chung
43-22 216th Str
Bayside NY 11361
Tel: (718) 461-8808
Fax: (929) 381-1019
jchung_77@msn.com
